George Hofmann (10005)
Jeffrey Trousdale (14814)
Tyler Hardman (17465)
**Cohne Kinghorn, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300

Attorneys for Philip G. Jones,
Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>BITEX, LLC,<br><br>      Debtor. | Bankruptcy No. 20-24133 (JTM)<br><br>Chapter 7 |
| PHILIP G. JONES, in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of BITEX, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES NIU a/k/a JAMES WOLFGRAMM a/k/a JAMES NIU WOLFGRAMM and LUPE NAKA NIU,<br><br>      Defendants. | Adv. Pro. No. 22- |

## **COMPLAINT**

Philip G. Jones (the "Trustee"), in his capacity as the duly appointed Chapter 7

trustee of the bankruptcy estate of Bitex, LLC (the "Debtor"), brings this action against the

{00623391.DOCX / 3}

James Niu a/k/a James Wolfgramm a/k/a James Niu Wolfgramm ("Wolfgramm") and Lupe Naka Niu ("Naka Niu," and together with Wolfgramm, "Defendants"), individually, and for causes of action, alleges as follows:

## NATURE OF THE CASE

1. This Complaint seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all avoidable transfers of property made by the Debtor to Defendants before and after the Debtor's July 8, 2020 petition date (the "Petition Date") under Bankruptcy Code §§ 362, 363, 541, 542, 544, 547, 548, 549 and 550.  To the extent that Defendants filed a proof of claim or have a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's estate (collectively, the "Claim"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Trustee's right to object to such Claim for any reason, including, but not limited to, Bankruptcy Code § 502(a) through (j) ("Section 502"), and such rights are expressly reserved.  Notwithstanding this reservation of rights, certain relief pursuant to Section 502 is sought by the Trustee in this Complaint as stated below.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  The Trustee consents to entry of final orders or judgment by the bankruptcy court.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5. The Trustee is the duly appointed, qualified, and acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

6. The Debtor, Bitex, LLC, is a Wyoming corporation with its principal place of business in Utah.

7. Wolfgramm is a resident of Utah County, Utah and is the former owner, President, and Chief Executive Officer ("CEO") of the Debtor.

8. Naka Niu is Wolfgramm's wife.

9. Defendants are, or were, insiders of the Debtor as defined by 11 U.S.C. § 101(31).

## BACKGROUND

10. On July 8, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court"), which commenced the bankruptcy case (the "Bankruptcy Case") and created the bankruptcy estate (the "Estate").

11. Prior to the Petition Date, the Debtor claimed to be in the business of selling cryptocurrency machines ("Machines") to investors and buyers (collectively, "Purchasers"), leasing warehouse space to house the Machines, mining cryptocurrency with the Machines, and distributing purported mining profits to the Purchasers.

12. On information and belief, to the extent that the Debtor purchased Machines, it purchased fewer Machines than promised to Purchasers.

13. On information and belief, to the extent that Machines existed, the Machines never "mined" any cryptocurrency.

14. On information and belief, the Machines never generated "mining profits" in any amount.

15. On information and belief, the Machines have no value and never had value.

16. On information and belief, the Purchasers never obtained anything of value for their purported purchases of Machines.

17. Instead of using Purchaser's funds to buy Machines, the Debtor was operated as a "Ponzi Scheme," whereby funds obtained from new Purchasers were used to pay prior Purchasers their alleged (but nonexistent) "mining profits."

18. As a Ponzi Scheme, the Debtor was insolvent from its inception through the Petition Date.

19. The Debtor often utilized an affiliate entity, Innuivative Solutions, LLC ("Innuivative"), to make transactions on the Debtor's behalf, pay funds out to third-parties, and/or receive funds from third-parties.

20. Wolfgramm was the owner, President, and CEO of the Debtor and Inniuvative.

21. Wolfgramm exercised complete control over the Debtor and Inniuvative and treated them as a single, joint enterprise.

22. On May 4, 2022, the Bankruptcy Court granted the Trustee's motion to substantively consolidate Innuivative with the Debtor.

23. To the extent that the Transfers (defined herein) received by Defendants were made by or through Innuivative, rather than the Debtor, such Transfers shall be treated identically as Transfers by the Debtor to Defendants.

24. On the Debtor's Statement of Financial Affairs and in response to Question No. 13, the Debtor answered in the negative whether it transferred any "money or property" to anyone (other than in the ordinary course) in the two years prior to the Petition Date. Dkt. 2, p. 18 of 24.

25. This was an untrue statement.

26. On information and belief, between August 2018 and May 2019, the Debtor purchased a Lamborghini from Audi West Palm Beach Car Dealership, in Florida.

27. On information and belief, Defendants also maintained sole possession of two Mercedes-Benz C-class cars (collectively with the Lamborghini, the "Vehicles"), which were purchased by the Debtor.

28. Throughout his tenure as CEO of the Debtor, Wolfgramm generally maintained control over the Vehicles and kept the Vehicles at his home in Spanish Fork.

29. On information and belief, Defendants used the Vehicles for their personal benefit and the benefit of their family.

30. The Debtor did not receive any equivalent value for its purchase of the Vehicles.

31. To the extent that Defendants utilized the Vehicles in the business of the Debtor, the Defendants did so in furtherance of a Ponzi Scheme.

32. Defendants had sole control of and supervision over the Debtor's and Innuivative's cryptocurrency accounts.

33. The Debtor often directed or allowed Purchasers to make payments to the Debtor using cryptocurrency, such as Bitcoin.

34. Purchasers regularly made purported purchases of Machines by transferring funds via cryptocurrency transfers (collectively, the "Funds")

35. On information and belief, Wolfgramm utilized his position of control over the Debtor, to receive or abscond with significant amounts of Funds by routing those Funds to his personal cryptocurrency wallets (collectively, and including the transfers of the Vehicles and all transfers of money or property from the Debtor to Defendants, the "Transfers").

36. On information and belief, the Transfers also include payments by the Debtor to credit card companies, lending institutions, and other third-parties for the benefit of the Defendants and/or their family.

37. On information and belief, Wolfgramm often directed the Debtor to make transfers to Naka Niu, or hid assets in Naka Niu's name, to avoid detection by the Debtor's creditors.

38. The Debtor did not receive reasonably equivalent value for the Transfers.

39. The Transfers were made with the actual intent to hinder, delay and defraud the Debtor's creditors.

40. Alternatively, the Transfers were made at a time when the Debtor was insolvent.

41. The Debtor owed debts at the time of the Transfers, including to Purchasers of purported Machines from the Debtor.

## First Cause of Action
(Breach of Fiduciary Duty - Wolfgramm)

42. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

43. Wolfgramm was the CEO of the Debtor.

44. Wolfgramm persuaded Purchasers to "invest" or pay thousands of dollars to the Debtor, purportedly for the purchase of the Machines.

45. Wolfgramm owed a fiduciary duty to act in the best interests of the Debtor, its creditors, and Purchasers.

46. The Debtor relied on Wolfgramm to act as its agent and fiduciary.

47. Wolfgramm was aware of his duty to act as the Debtor's agent and fiduciary.

48. Wolfgramm breached his fiduciary duty by:

   a. purchasing the Vehicles for his personal benefit with the Debtor's funds while the Debtor was insolvent and for no value to the Debtor;

   b. operating the Debtor as a "Ponzi Scheme";

   c. defrauding Purchasers into believing that their monies would be used for legitimate business purposes.

   d. transferring Funds intended for the purchase of Machines from the Debtor to Wolfgramm's personal cryptocurrency wallet; and

   e. failing to pay the Debtor for the value of the Vehicles, other Funds received into Wolfgramm's personal cryptocurrency wallet, and other Transfers made by the Debtor for Wolfgramm's sole benefit.

49. As a result of Wolfgramm's breach of fiduciary duty, the Debtor and Purchasers suffered substantial financial loss.

50. The Trustee is entitled to a judgment against Wolfgramm for the losses suffered by the Debtor as a result of Wolfgramm's breach of his fiduciary duty in an amount to be determined at trial, plus pre- and post-judgment interest as permitted by law.

**Second Cause of Action**
(Bankruptcy Code § 548(a)(1)(A) – Fraudulent Transfers)

51. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

52. The Transfers constitute transfers of the Debtor's property within two years before the Petition Date.

53. The Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors.

54. By reason of the foregoing, the Trustee entitled a judgment against Defendants avoiding the Transfers pursuant to Bankruptcy Code § 548(a)(1)(A).

**Third Cause of Action**
(Bankruptcy Code § 548(a)(1)(B) – Fraudulent Transfers)

55. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

56. The Transfers constitute transfers of the Debtor's property within two years before the Petition Date.

57. The Debtor received less than reasonably equivalent value in exchange for the Transfers.

58. The Debtor was insolvent on the date that the Transfers were made.

59. At the time the Transfers were made, the Debtor was: (a) engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital; or (b) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

60. By reason of the foregoing, the Trustee is entitled to a judgment gainst Defendants avoiding the Transfers pursuant to Bankruptcy Code § 548(a)(1)(B).

**Fourth Cause of Action**
(Bankruptcy Code § 544 – Avoidance of Transfers Under Utah Code Ann. §§ 25-6-202, -203 and -303)

61. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

62. The Transfers constitute transfers of the Debtor's property within four years before the Petition Date.

63. The Debtor was insolvent when the Transfers were made, or became insolvent as a result of the Transfers.

64. At the time the Transfers were made, the Debtor was: (a) engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the Debtor was unreasonably small capital; or (b) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

65. The Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors.

66. By reason of the foregoing, the Trustee entitled a judgment against Defendants avoiding the Transfers pursuant to Utah Code Ann. §§ 25-6-202, -203 and -303 as incorporated by Bankruptcy Code § 544.

**Fifth Cause of Action**
(Bankruptcy Code § 550 & 551– Transferee Liability and Preservation of Transfers)

67. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

68. Defendants are the initial transferee of the Transfers.

69. Defendants are the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

70. By reason of the foregoing, and pursuant to Bankruptcy Code § 550, the Trustee may recover from Defendant the Transfers or their value.

71. By reason of the foregoing and pursuant to Bankruptcy Code § 551, the Transfers are preserved for the benefit of the Estate.

**Sixth Cause of Action**
(Bankruptcy Code § 542 – Turnover of Property of the Estate)

72. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

73. To the extent that Defendants are in possession or control of the Funds and/or the Vehicles (including any proceeds thereof), such Funds, Vehicles, and their proceeds are property of the Estate of which the Trustee is entitled to possess.

74. The Estate's interest in the Funds, the Vehicles, and their proceeds is property that the Trustee may use, sell or lease under 11 U.S.C. § 363.

75. The Estate's interest in the Funds, the Vehicles, and their proceeds is property that is not of inconsequential value.

76. By virtue of the foregoing, the Trustee is entitled to a judgment ordering Defendants to turn over the Estate's interest in the Funds with no reduction for any dissipation or transfers of the Funds from the Petition Date to the present.

**Seventh Cause of Action**
(Bankruptcy Code § 502(d) and (j) – Disallowance of all Claims)

77. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

78. Defendants received Funds and the Vehicles through the Transfers, which Transfers are avoidable under Utah Code Ann. §§ 25-6-202, -203 and -303, made applicable by Bankruptcy Code § 544.

79. Defendants are the initial, immediate or mediate transferee of the Transfers, from whom property is recoverable under Bankruptcy Code § 550.

80. Defendants have not paid the amount of the Transfers for which Defendants are liable under Bankruptcy Code § 550.

81. Pursuant to Bankruptcy Code § 502, any and all claims of Defendants against the Estate must be disallowed until such time as Defendants pay to the Trustee an amount equal to the value of the Transfers, plus interest thereon and costs.

82. Pursuant to Bankruptcy Code § 502(j), any and all claims of Defendants, and/or their assignees, against the Debtor's estate previously allowed by the Debtor, must be reconsidered and disallowed until such time as Defendants pay to the Trustee an amount equal to the amount of the Transfers, plus interest thereon and costs.

## **Eighth Cause of Action**
(Unjust Enrichment)

83. The Trustee repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint.

84. The Debtor conferred a benefit to Defendants.

85. Without limitation, the Debtor provided Defendants with the Vehicles, the Funds, and other benefits by way of the Transfers.

86. Defendants knowingly accepted, enjoyed, and appreciated the benefits conferred by the Debtor.

87. Defendants were, and are, aware of the benefits that the Debtor conferred upon them, and retained those benefits under circumstances which make it inequitable or unjust unless the Debtor's Estate is reasonably compensated.

88. Defendants provided no consideration (or inadequate consideration) for the Transfers provided by the Debtor, and retained the Transfers or their value without any legal or equitable claim thereto, which offends equity and good conscience.

89. The Trustee is entitled to a return of all Vehicles and Funds which were conferred upon Defendants by the Debtor but for which the Debtor was not paid, in an amount to be proven at trial.

**WHEREFORE**, the Trustee requests judgment, order and/or declaration against Defendants as follows—

1. Avoiding the Transfers and recovering the Vehicles, the Funds, their proceeds, or their value from Defendant pursuant 11 U.S.C. § 548 & 550.

2. Avoiding the Transfers and recovering the Vehicles, the Funds, their proceeds or their value from Defendants pursuant Utah Code Ann. §§ 25-6-202, -203 and -303, made applicable by Bankruptcy Code § 544.

3. Attaching, or providing other provisional remedy, against the Vehicles, the Funds, and any proceeds thereof.

4. Enjoining further disposition of the Estate's interest in the Funds and Vehicles.

5. Requiring Defendants to immediately transfer the Vehicles, the Funds, or their proceeds to the Trustee pursuant to Bankruptcy Code § 550.

6. To the extent Defendants still have possession of the Vehicles, the Funds, or their proceeds, ordering Defendants to turn over the Vehicles, the Funds, or their proceeds with no reduction for any dissipation or transfers from the time Defendants received the Vehicles, the Funds, or their proceeds to the present.

7. A money judgment against Defendants equal to the Estate's interest in the Vehicles, the Funds, or their proceeds, in an amount to be proven at trial.

8. A money judgment against Wolfgramm for his breaches of fiduciary duties as to the Debtor.

9. To the extent Defendants possess the Vehicles, the Funds, or their proceeds, a declaration that Defendants possess the Vehicles, the Funds, or their proceeds in a constructive trust in favor of the Trustee and Estate.

10. Disallowing any claims of Defendants and/or their assignees, if they refuse to turn over the Vehicles, the Funds, or their proceeds or their value to the Trustee pursuant to Bankruptcy Code § 502.

11. Awarding pre-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 to the extent provided by law.

12. Awarding post-judgment interest at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the date of judgment until paid in full.

13. For any other relief the Court deems just and proper

**DATED**: July 7, 2022.

                                          **COHNE KINGHORN, P.C.**

                                          /s/ Jeffrey Trousdale
                                          George Hofmann
                                          Jeffrey Trousdale
                                          Tyler P. Hardman
                                          Attorneys for the Trustee